[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 9, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16320
Non-Argument Calendar

_____

D. C. Docket No. 06-00199-CR-MHS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PAULINO MERCADO PATINO,
a.k.a. Cesar Perez Gomez

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(April 9, 2007)**

Before DUBINA, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Paulino Mercado Patino ("Patino") appeals his 87-month sentence for illegal

reentry into the United States by a deported alien.  On appeal, Patino argues that

his sentence is unreasonable because: (1) the district court relied on an impermissible factor, namely, the government's recommendation to sentence him to the high end of the guideline range; (2) the court did not adequately consider the mitigating factors; and (3) his sentence was greater than necessary to comply with the statutory purposes of sentencing set forth in 18 U.S.C. § 3553(a).

We review the final sentence imposed by the district court for reasonableness. United States v. Winingear, 422 F.3d 1241, 1245-46 (11th Cir. 2005). Having reviewed the record in this case, we find no reversible error. Among other considerations, the district court adequately considered the § 3553(a) factors and imposed a sentence that was reasonable on the facts of this case. The court explained that it imposed a sentence at the high end of the Guidelines range because the sentence "sufficiently punish[ed] [Patino] for his criminal conduct." The court stated that it had considered Patino's violent background and the need for the sentence to afford adequate deterrence to criminal conduct, to promote respect for the law, and to protect the public from further crimes by the defendant.

We also reject as meritless Patino's argument that the district court considered as an impermissible factor its initial belief that the government was going to recommend a sentence at the low end of the Guidelines range. Furthermore, we find no merit in Patino's claim that the district court violated § 3553(c)(1).

**AFFIRMED.**

2